**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Eugene Aguila,

Plaintiff(s),

v.

United Services Automobile Association, et al.,

Defendant(s).

Case No. 2:26-cv-01193-CDS-NJK

**Order**

[Docket No. 19]

Pending before the Court is a stipulation for a four-month extension to case management deadlines. Docket No. 19.

Case management deadlines are important and must be taken seriously by litigants. *E.g.*, *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases).[1] Modifying unexpired case management deadlines requires a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), Local Rule 26-3, which turns on whether the subject deadlines cannot reasonably be met through the exercise of diligence throughout the allotted period, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.[2]

Good cause has not been shown here for any extension, let alone an extraordinary extension of four months. *Compare* Local Rule 26-1(b)(1) (providing default for entire discovery period of 180 days). The gist of the explanation provided is that the parties seek to obtain medical records

[1] The Court recognizes that the Ninth Circuit has at times applied a softer touch to extension requests outside the Rule 16 context, but the Court applies herein the more specific Rule 16 case law. *See, e.g.*, *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022).

[2] In the scheduling order, the Court expressly warned that "[t]he case management deadlines are not to be considered tentative in nature. The Court intends to enforce case management deadlines absent a proper showing that modification is warranted, even if that request is presented jointly or by stipulation." Docket No. 16 at 2.

before proceeding with the Rule 35 medical examination and expert disclosures. Docket No. 19 at 3. Be that as it may, the record does not reflect diligence in obtaining those medical records. The parties held their Rule 26(f) conference on May 27, 2026 (i.e., four months ago), Docket No. 15 at 1, at which time there was no impediment to proceeding forward with discovery, *see* Fed. R. Civ. P. 26(d)(1). Nonetheless, subpoenas for medical records were not served until September 9, 2026. *See id.* at 3. No explanation is provided as to why so many months passed before Defendant issued these subpoenas and the stipulation fails to show that the current deadlines could not be met had reasonable diligence been exercised.[3]

Accordingly, the Court **DENIES** without prejudice the stipulation to extend.

IT IS SO ORDERED.

Dated: September 25, 2026

Nancy J. Koppe
United States Magistrate Judge

[3] The stipulation also references depositions being vacated in July. Docket No. 19 at 3. No explanation is provided as to why those depositions were vacated and, even more importantly, no explanation is provided as to why those depositions have apparently still not been taken two months later. The mere fact that depositions were vacated months ago does not provide good cause for an extension now.